CARNES, Circuit Judge,
concurring specially:
I concur in the court’s judgment and most of the language of the majority opinion. I write separately, however, because I am concerned about some of the dicta in footnote 10 of the majority opinion regarding the legal effect of a Title VII prima facie case. Instead of clarifying matters as it seeks to do, the discussion in that footnote may serve only to confuse things, and some of the statements in it are inconsistent with prior circuit precedent.
The majority opinion states: “We note that the prima facie case establishes a presumption, and not an inference, of intentional discrimination.” Majority Op. at 1183 n. 10 (emphasis in the original). While one of the footnotes in Texas Dept. of Community Affairs v. Burdine, 450 U.S. 248, 254 n. 7, 101 S.Ct. 1089, 1094 n. 7, 67 L.Ed.2d 207 (1981), does support that statement, our decisions since Burdine have consistently held that a prima facie case creates an inference of intentional discrimination, see, e.g., Jones v. Bessemer Carraway Med. Ctr., 151 F.3d 1321, 1323 (11th Cir.1998) (plaintiff has failed to establish prima facie case because “one still cannot infer it is more likely than not that her termination was based on an illegal discriminatory criterion.”); Eskra v. Provident Life and Accident Ins. Co., 125 F.3d 1406, 1411 (11th Cir.1997) (“If a prima facie ease is established, the inference is raised that discriminatory intent motivated the adverse employment action_”); Stewart v. Happy Herman’s Cheshire Bridge, Inc., 117 F.3d 1278, 1287 (11th Cir.1997) (“Once a prima facie case is established, the burden then shifts to the defendant employer to come forward with legitimate non-diserimi-natory reasons for its actions that negate the inference of retaliation.”); Holifield v. Reno, 115 F.3d 1555, 1562 (11th Cir.1997) (“Demonstrating a prima facie case is not onerous; it requires only that the plaintiff establish facts adequate to permit an inference of discrimination.”); Maddow v. Procter & Gamble Co. Inc., 107 F.3d 846, 851 (11th Cir.1997) (“[Ojnee a plaintiff has made a prima facie case, the employer may then rebut the inference of discrimination by providing legitimate, non-discriminatory reasons for its decision,”); Walker v. NationsBank of Florida, 53 F.3d 1548, 1556 n. 12 (11th Cir.1995) (“Whether a prima facie case has been established is a fact specific inquiry: Would an ordinary person reasonably infer discrimination if the facts presented remained unrebutted?”); Coutu v. Martin County Bd. of County Commissioners, 47 F.3d 1068, 1073 (11th Cir.1995) (“A prima facie case of discrimination raises the inference that discriminatory intent moti *1198 vated the adverse employment action.”); Green v. School Bd. of Hillsborough County, 25 F.3d 974, 978 (11th Cir.1994) (“[T]he plaintiff must create an inference of discrimination by establishing a prima facie case by a preponderance of the evidence.”) (emphasis added in all parentheticals). There are not, as the majority opinion asserts, merely “a few Eleventh Circuit cases” which ostensibly conflict with the majority’s statements. Instead, a long line of .our prior decisions clearly recognize and emphatically state that a prima facie case will support an inference of discrimination.
The reason that our long line of prior decisions is wrong, explains the majority, is that if we treat the prima facie case as creating an inference of discrimination, “the defendant’s legitimate, non-diseriminatory explanation would be an affirmative defense [and][t]he defendant would therefore carry the burden of persuasion in regard to that explanation.” Majority Op. at 1183-84 n. 10. That would come as quite a surprise to all of the judges on the panels that issued the eight decisions cited in the prior paragraph. Every one of those eight decisions recognizes that a prima facie case creates an inference of discrimination, but none suggests that such an inference transforms the defendant’s explanation into an affirmative defense. To the contrary, those decisions recognize, some of them explicitly, that even with the inference created by the prima facie case, the defendant’s burden in regard to a neutral explanation is only a burden of production, not one of persuasion. See, e.g., Eskra, 125 F.3d at 1411; Walker, 53 F.3d at 1556 (“Once the defendant carries the burden of production, the plaintiff must prove through presentation of a preponderance of the evidence that the employer had a discriminatory intent.”); Coutu, 47 F.3d at 1073 (“Once the employer satisfies this burden of production, the plaintiff then has the burden of persuading the court that the proffered reason is a pretext for the true discriminatory reason.”); Green, 25 F.3d at 978 (“[OJnce the plaintiff establishes a prima facie case, the burden of production shifts to the defendant to rebut the presumption of intentional discrimination by articulating legitimate, nondiscriminatory reasons for the employee’s rejection.”) (emphasis added in all parentheticals).
Our prior decisions recognize that whether a particular explanation or response is an affirmative defense is not dependent on whether the plaintiffs evidence is sufficient to support an inference. See also 5 Wright and Miller, Federal Practice and Procedure, Civil 2d § 1271 (discussing criteria used to determine whether a particular defense is an affirmative defense). If the majority opinion’s position were correct, in every case where the evidence supports an inference of discrimination, i.e., in every case where the plaintiffs evidence is sufficient to go to a jury, the defendant’s response, if any, would be an affirmative defense and the defendant would have the burden of persuasion. Obviously, that is not the law.
The majority opinion itself acknowledges there are at least some situations in which the same evidence that creates a prima facie case, and consequently raises an initial presumption of intentional discrimination, may also suffice to create an inference of intentional discrimination. One example is where the evidence presented to establish a prima facie ease is also sufficient to show that the defendant’s proffered legitimate, non-dis-eriminatory reason is pretextual. That does happen. See, e.g., Arrington v. Cobb County, 139 F.3d 865, 875 n. 20 (11th Cir.1998); Majority Op. at 1184 n. 12. Because a jury may infer intentional discrimination if the plaintiff establishes a prima facie case that also casts doubt on the employer’s proffered non-discriminatory reason, see Combs, 106 F.3d at 1532, it follows that evidence establishing a prima facie case certainly will sometimes be enough to establish an inference of unlawful discrimination.
The majority opinion’s insistence upon the presumption versus inference distinction serves no good purpose here, is needlessly complex, and is confusing. The distinction serves no good purpose because everyone agrees that the establishment of a prima facie ease shifts only the burden of production and not the ultimate burden of persuasion to the defendant. There is no dispute about that. Everyone also agrees that in some cases the same evidence that estab *1199 lishes a prima facie case, without more, will also create a jury issue as to whether the defendant’s proffered explanation is pretex-tual. There is no dispute about that. Those undisputed propositions need not be dressed up in more complex or different terms than we have used over and over in prior decisions. An about-face at this late date complicates matters. In law, as in other intellectual fields, we would do well to keep in mind William of Occam’s maxim that the simpler the better, that unnecessary complexities only create confusion. Law ought not be logomachy.